RUTH M. CLARK *v*. HARRY B. HUGHES

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 5—decided April 30, 1953

*John Keogh, Jr.,* with whom, on the brief, was *Vincent X. Montanaro,* for the appellant (defendant).

*David R. Lessler,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff sued the defendant to recover damages for the breach of a building contract. The case was referred to a state referee who, after hearing the parties, filed his report, finding that there was due to the plaintiff $9438.02 with interest. The defendant's remonstrance to the report was overruled and judgment was rendered for the plaintiff in the amount stated above. The defendant appealed. During the pendency of the appeal, the court reduced the amount of the judgment by $2000 in order to rectify a mathematical inaccuracy discovered in the report.

Because of the view we take of the matter, the following abbreviated statement of the facts will suffice. In 1949, the plaintiff owned a lot in Westport upon which she decided to build a home. She submitted to the defendant plans and specifications which an architect had prepared for her. On July 18, 1949, the parties entered into an oral contract whereby the defendant undertook to build the house in accordance with the plans and specifications as altered up to that time. Work was begun by the defendant on the following day. By October 22, 1949, he had been paid $13,000 by the plaintiff. The defendant quit the job in the early part of December. It will cost $11,059 to complete the house as contemplated by the contract. The foregoing facts, among

others, were incorporated in the referee's report filed on November 1, 1951. Since the defendant's attack upon it was made prior to January 2, 1952, the date upon which the rules under the Practice Book of 1951 became effective, the use of a remonstrance was proper. Practice Book, 1934, § 173.

The fundamental issue presented to the referee was concerned with the provision of the contract dealing with the method and amount of payment for the construction work. It was the plaintiff's position that the defendant had agreed on July 18, 1949, to build the house for $15,000. The defendant maintained, on the other hand, that his agreement on that date was to do the job on a time and material basis. The referee, as was his prerogative, resolved the issue in the plaintiff's favor. If his finding on this matter could be deemed the finding of a subordinate fact, the court would have been powerless to change it, since it found reasonable support in the evidence. *Hollister* v. *Cox,* 131 Conn. 523, 525, 41 A.2d 93. If the specific finding were regarded as a conclusion of ultimate fact, it would still withstand successful attack since it was one which could legally and logically have been drawn from the subordinate facts. *Liefeld* v. *Coffin,* 103 Conn. 279, 283, 130 A. 576. In either event, the court was correct, on the record which it had, in refusing to interfere with the referee's finding as to the undertaking of the parties on the date mentioned.

The defendant, however, had another string to his bow. His further claim to the court was that, if no correction could be made in the finding that the contract of July 18 required him to build the house for $15,000, that contract had been rescinded by the parties as the result of numerous substantial changes which the plaintiff, from time to time, made in the

plans and specifications and for which the contract did not provide. *O'Keefe* v. *Corporation of St. Francis' Church,* 59 Conn. 551, 556, 22 A. 325. To present this matter properly, the defendant, by his remonstance, requested the court to recommit the report because of an insufficiency of subordinate facts to test his constantly reiterated assertion that the agreement between the plaintiff and himself "to build her house as it was finally constructed" was not for a definite sum of money; and he asked that the referee be instructed to find, one way or the other, upon a number of facts dealing with the many structural deviations which, he insisted, the plaintiff had ordered during the course of construction.

The granting or denial of the motion to recommit lay within the discretion of the court, reviewable only for abuse. *Alishausky* v. *MacDonald,* 117 Conn. 138, 140, 167 A. 96; *Fox* v. *South Norwalk,* 85 Conn. 237, 240, 82 A. 642; *Wilcox* v. *Meriden,* 57 Conn. 120, 124, 17 A. 366. As the report discloses, the referee failed to find all the facts by which the defendant's claim of rescission could be tested, although considerable evidence on the subject had been presented to him. The absence of an affirmative defense of rescission was not controlling under the specific circumstances presented by the record. If the case had been recommitted and if the referee had found that the changes in the plans and specifications had been so substantial as to establish an abandonment of the original oral contract, the defendant would then have been entitled to amend his answer to conform to the proof. In refusing to recommit the report, the court summarily foreclosed the defendant from obtaining a judicial determination of that claim. The significance of this refusal is apparent in various ways, one of which is evident from the following facts found by

the referee. By October 22, 1949, the plaintiff had paid the defendant $13,000; late in November, the defendant requested a further payment of $3000 in order to buy the heating unit and certain building materials; the plaintiff then applied to the bank to obtain an advancement on her construction mortgage to meet the defendant's request, but the bank refused her request because the building had not progressed far enough to warrant the loan. That the plaintiff was seeking additional funds to pay a total of $16,000 for the construction of what was then an incompleted house when the full extent of her liability under the terms of the contract, as found, was but $15,000 for the finished product lent sufficient moment to the defendant's claim of rescission as to require the court to recommit for the purpose sought. We are constrained to hold that the court's action amounted to an abuse of discretion under the circumstances.

There is error, the judgment is set aside and the matter is remanded with instruction to the court to recommit the report for the additional findings or, if fairness requires, to reject the report and order another reference for a new trial or to revoke the reference and leave the case to be disposed of in court.

In this opinion the other judges concurred.