## State of Connecticut *v.* John Palmieri

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued June 5—decided July 10, 1956

*Howard A. Jacobs,* for the appellant (Alice R. Jacobs).

*Arthur L. DiSesa,* for the appellee (state).

Inglis, C. J. Alice R. Jacobs furnished cash bail for the appearance of the defendant before the City Court of Stamford to answer to charges of aiding and abetting a burglary and receiving stolen goods. She has appealed from the judgment of that court rendered on July 1, 1955, forfeiting the cash bail bond and denying her motion for a return of the cash. This judgment was rendered by Hon. Benjamin R. Weisberg on the day on which he went out of office. The appeal was filed in time on September 1, 1955. With the appeal was filed a request for a finding and a draft finding. No finding has ever been filed. The present motion alleges, and this is not denied, that a hearing on the prosecutor's mo-

tion to forfeit the bail and the appellant's motion for the return of her cash was held on March 22, 1954, and that a transcript of the testimony taken "has been in the possession of the trial court for approximately two years."

The request for a finding sets forth the questions which the appellant desires to have reviewed. Among them are questions whether the bond was properly taken in the first place and whether liability on it was terminated by reason of the claimed fact that the Stamford police procured a warrant from New York authorities for the arrest of the defendant as a parole violator and his return to New York by virtue of that warrant, thus preventing his appearance to answer the charges against him in Stamford. Purported facts necessary for the presentation of those questions are set forth in the draft finding.

This court has the power to make any order necessary to "perfect the record for presentation to this court." Practice Book § 435. There can be no question that a finding is necessary in this case to perfect the record. The only possible question is whether the fact that the trial judge who rendered the judgment is now out of office prevents our ordering him to make a finding. Section 8010 of the General Statutes provides: "Any judge . . . of any municipal court may, after ceasing to hold office as such judge, settle and dispose of all matters relating to appeal cases, as well as any other unfinished matters pertaining to causes theretofore tried by him, as if he were still such judge." The word "may" in this statute should be read as "must"; otherwise, some appeals might fail, and it is obviously the legislative intent that that should not happen. Under the statute, the retired judge has a duty to

make a finding just as though he were still the judge. See *Todd* v. *Bradley,* 97 Conn. 563, 565, 117 A. 808. As against a retired judge, this court has the same power to enforce its order to complete a record for appeal as it has against a judge who is still in office.

The motion is granted, and an order may enter directing Hon. Benjamin R. Weisberg to prepare and file on or before August 15, 1956, a finding of such facts as are necessary to present the questions of law which the appellant sets forth in her request for a finding, in accordance with Practice Book § 391.

In this opinion the other judges concurred.