ALGONQUIN GAS TRANSMISSION COMPANY *v.* JAMES E. SWEENEY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 9—decided December 6, 1972

*Henry S. Marlor, Jr.,* for the appellant (named defendant).

*Anthony M. Fitzgerald,* with whom was *Walter F. Torrance, Jr.,* for the appellee (plaintiff).

BOGDANSKI, J. This is an appeal from a judgment of the Superior Court accepting a committee's report ascertaining damages arising from the condemnation of an easement over property of the defendant James E. Sweeney, hereinafter referred

to as the defendant, located in the town of Nauga-tuck. From a judgment rendered on the report the defendant has appealed to this court.

The defendant has pressed the following assignments of error on this appeal, claiming that the court erred: (1) in failing to order the committee which heard the evidence to find damages in the alternative based on findings of subordinate facts; (2) in accepting the report of the committee when there had been no determination by the court, or the committee, as to what rights, if any, were taken by virtue of the amended petition; and (3) in overruling the claims of law stated in certain paragraphs of the defendant's exceptions and objections to the acceptance of the report of the committee, as amended.

The facts in the case can be summarized as follows: In 1951, the plaintiff Algonquin Gas Transmission Company obtained by deed a fifty-foot easement in land in Naugatuck from Mildred C. Knoth and others, the defendant's predecessor in title, for the purpose of installing underground gas pipelines. The easement contained the following provision: "The herein granted right of way shall be left smoothed in such manner that it can be used as a roadway." In 1965, the defendant obtained title to the fee in this land as well as to adjoining land on both sides of the easement.

In 1966, Algonquin brought the present action to obtain an additional twenty-five-foot right-of-way south of and adjacent to the first easement in order to construct additional pipelines. Originally, this action did not attempt to condemn any rights the defendant might have to use the original fifty-foot easement as a roadway. In February, 1968, however, Algonquin amended its petition to modify and

restrict the rights of the defendant to use the fifty-foot easement as a roadway.

The matter was referred to a committee. During the committee hearing, there was conflicting testimony by experts as to the value of the land taken. The defendant's expert included as an element of damages the fact that the new taking would cut off the defendant's right to use the first easement as a roadway. Algonquin's expert indicated there was no such damage because the land was already encumbered by a fifty-foot easement.

The committee assessed damages at $4700. The defendant then made a motion that the committee state the subordinate facts on which it reached its conclusions as to the amount of damages. The defendant's principal claim is that the committee should have stated what the damages were in the alternative based on different facts. The first set of facts would be based on the value of the twenty-five-foot taking and the value of the rights the defendant had to the use of the fifty-foot easement as a roadway. The second set of facts would be based on the value of the twenty-five-foot taking only, absent severance damages. The committee did not correct the findings. The defendant then excepted and objected to the report of the committee; the court overruled the objections and rendered judgment on the report.

It is clear that the committee assessed damages at $4700 but did not set forth what rights, if any, the defendant had in the original fifty-foot easement. The gravamen of the defendant's claim is that in accepting the report the court permitted the committee to decide a question of law, thereby foreclosing the defendant from obtaining a judicial determination of his claim. To insure a proper adjudica-

tion of the defendant's claim to damages, it was necessary for the committee to file a report in the alternative as authorized by Practice Book § 356.[1] Where the report fails to find facts on a claim definitely made, it should not be accepted by the trial court. *Clark* v. *Hughes,* 139 Conn. 696, 699, 97 A.2d 104; Maltbie, Conn. App. Proc. § 219, p. 272. In *Clark* v. *Hughes,* supra, we required the trial court to recommit the report. The principle of *Clark* v. *Hughes* still applies to the procedure now authorized by Practice Book § 363, where the court may refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court.

In accepting the committee's report, the trial court summarily foreclosed the defendant from obtaining a judicial determination of his claim. *Clark* v. *Hughes,* supra.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.

---

[1] "[Practice Book] Sec. 356. ALTERNATIVE REPORT If alternative claims are made before the committee, or he deems it advisable, he may report all the facts bearing upon such claims and make his conclusions in the alternative, so that the judgment rendered will depend upon which of the alternative conclusions the facts are found legally to support."