NATIONAL ELEVATOR INDUSTRY PENSION, WELFARE AND EDUCATIONAL FUND *v.* PETER SCRIVANI
(11500)

LAVERY, HEIMAN and SCHALLER, Js.

Argued May 6—decision released June 29, 1993

*Stuart D. Rosen,* with whom were *Mary C. Duffy* and, on the brief, *Richard M. Levy,* for the appellant (plaintiff).

*Ian R. McMillan,* with whom, on the brief, were *David R. Biondi* and *Jean Rabinow,* for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the judgment rendered in favor of the defendant in an action in which the plaintiff sought money damages, interest, an order requiring the defendant to submit timely monthly contribution reports and to make the contributions disclosed as due by reason of those reports, interest on all late filed contributions, an order enjoining future breaches of the collective bargaining and trust agreements and requiring the defendant to submit all financial reports and to remit contributions in a timely manner pursuant to the trust agreement, punitive damages pursuant to General Statutes § 42-110a et seq. (Connecticut Unfair Trade Practices Act) and for attorney's fees pursuant to that act. We reverse the judgment and remand the matter for further proceedings.

The following procedural history is necessary to resolve this appeal. The pleadings were closed and the matter was claimed to the trial list on June 22, 1989. The case was subsequently referred for trial to Louis I. Gladstone sitting as an attorney trial referee,[1] who

---

[1] General Statutes § 52-434 (a) (4) provides in pertinent part: "In addition to the state referees who are appointed pursuant to subdivision (1), (2) or (3) of this section, the chief justice may appoint, from qualified mem-

heard the evidence in the case. The parties then submitted posthearing briefs to him. The attorney trial referee submitted to the trial court a document labeled "Memorandum of Decision, dated April 3, 1992."[2]

This document was in the format generally used by the trial courts for the filing of memoranda of decisions and did not set forth in separate and consecutively numbered paragraphs the facts found and the conclusions drawn therefrom as mandated by Practice Book § 434.[3] Practice Book § 434 provides in pertinent part: "The report of a committee shall state, in separate and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom. . . . The committee may accompany his report with a memorandum of decision including such matters as he may deem helpful in the decision of the case . . . ."

Upon receipt of the "memorandum of decision," the plaintiff wrote to the attorney trial referee calling his attention to the provisions of Practice Book §§ 428 through 433, and our Supreme Court's decision in *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 508 A.2d 415 (1986). The plaintiff specifically inquired as to whether the attorney trial referee intended to file a report with the Superior Court in accordance with Practice Book § 434. The attorney trial referee responded by letter stating that he had, in his opinion, already complied with the appropriate rules of practice and did not intend to file any additional report. The plaintiff timely filed

bers of the bar of the state, who are electors and residents of this state, as many state referees as he may from time to time deem advisable or necessary. . . ."

[2] This memorandum of decision was filed with the trial court on April 8, 1992.

[3] Our rules of practice as they relate to committees are equally applicable to attorney trial referees. Practice Book § 428; *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 502–503, 508 A.2d 415 (1986).

a motion to correct pursuant to Practice Book § 438.[4] The motion to correct set forth, inter alia, that the attorney trial referee had failed to file a report and that the facts set forth in the motion to correct are fully supported by the record. The attorney trial referee denied the plaintiff's motion to correct.

The plaintiff next filed an objection to the trial court's acceptance of the attorney trial referee's report pursuant to Practice Book § 440.[5] The plaintiff objected to the acceptance of the report because the attorney trial referee failed to file a report in accordance with the mandate of Practice Book § 434. The plaintiff asserted that because of the lack of factual findings in the report, the trial court could not fulfill its function to review the attorney trial referee's factual determinations and to render judgment if appropriate. In addition, the plaintiff also filed an exception to the attorney trial referee's report pursuant to Practice Book § 439.[6] This objection set forth the plaintiff's continuing complaint that the attorney trial referee had failed to file a proper report and that the facts set forth in the motion to correct were admitted or undisputed and material to the decision of the case. The trial court denied both motions and thereupon rendered judgment

[4] Practice Book § 438 provides in pertinent part: "If either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding further facts, or by stating the claims of the parties made before the committee, or by setting forth rulings upon evidence or other rulings of the committee, he shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions desired by him. . . ."

[5] Practice Book § 440 provides in pertinent part: "A party may file objections to the acceptance of a report on the ground that conclusions of facts stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted. . . ."

[6] Practice Book § 439 provides in pertinent part: "If a committee fails to correct a report or finding in compliance with a motion to correct, the moving party may . . . file exceptions seeking corrections by the court in the report or finding. . . ."

in accordance with the attorney trial referee's report. This appeal followed.

## I

We must initially determine whether the "memorandum of decision" filed by the attorney trial referee adequately complied with Practice Book § 434, which requires the filing of a report setting forth in "separate and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom." We conclude that in this instance there was not sufficient compliance.

Our conclusion does not turn only on the attorney trial referee's failure to use the format mandated by the rules. We do not exalt form over substance. Rather, our conclusion turns on the fact that a fair reading of the "memorandum of decision" does not disclose the ultimate facts found by the attorney trial referee and the conclusions drawn therefrom. Thus, the trial court was displaced from its function of "render[ing] such judgment as the law requires *upon the facts in the report as it may be corrected.*" (Emphasis added.) Practice Book § 443. Because the "memorandum of decision" failed to set forth the ultimate facts found, the trial court acted improperly in overruling the objection to the report and in entering judgment.

The trial court is authorized " 'to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee.' " *Burt's Spirit Shop, Inc.* v. *Ridgway,* 215 Conn. 355, 367, 576 A.2d 1267 (1990); *Dills* v. *Enfield,* 210 Conn. 705, 713, 557 A.2d 517 (1989). In a matter heard before an attorney trial referee, the trial court's nondelegable judicial duty to render judgment turns on its ability to determine the facts found by the attorney trial referee. If the court finds material errors in the attorney trial referee's factual findings, it may, under those

circumstances, order further proceedings. Practice Book § 443;[7] *Dills* v. *Enfield*, supra. Thus, where the factual predicate is not clearly set out by proper factual findings and conclusions drawn from the facts so found, the trial court is not able to fulfill its judicial function. *Dills* v. *Enfield*, supra, 712; *Rostenberg-Doern Co.* v. *Weiner*, 17 Conn. App. 294, 300, 552 A.2d 827 (1989). The attorney trial referee sits only as a fact finder. Where the attorney trial referee's findings of fact are not clearly set out, he has failed in his function of fact finder. The trial court should have exercised its authority under Practice Book § 443 to "reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court." By failing to exercise its authority under § 443, the trial court improperly delegated to the attorney trial referee its nondelegable judicial authority to render judgment. See *Rostenberg-Doern Co.* v. *Weiner*, supra.

We thus conclude that the trial court improperly entered judgment in accordance with the attorney trial referee's report where the attorney trial referee had failed to comply with Practice Book § 434.

## II

Having concluded that the trial court improperly rendered judgment without a sufficient factual record, we are faced with determining whether we should dispose

---

[7] Practice Book § 443 provides: "The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the committee has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court.

"The court may correct a report at any time before judgment upon the written stipulation of the parties or it may upon its own motion add a fact which is admitted or undisputed or strike out a fact improperly found."

of this appeal by reversing and remanding for a new trial or whether we may, in the exercise of our discretion, remand the case to the trial court with direction to remand the case to the attorney trial referee who heard the matter to file a report in substantial compliance with Practice Book § 434. While the defendant posits that we lack authority to adopt the latter alternative, he cites no positive authority for the proposition that we may not do so in the exercise of judicial discretion or pursuant to the provisions of Practice Book § 4183 (10).[8]

We conclude that we have the authority to require the trial court to remand the case to the attorney trial referee for the preparation of a report that complies with the mandate of Practice Book § 434.

Our Supreme Court has held that, under the rubric of the general supervisory powers of that court, it was empowered to order an individual no longer holding judicial office to file a finding necessary to perfect the record on appeal. *State* v. *Palmieri*, 143 Conn. 569, 570–71, 124 A.2d 911 (1956). Our Supreme Court has also determined that it had the authority, again under its general supervisory powers, to minimize delay in a remand of a juvenile case for further action by the trial court by ordering that the further proceedings contemplated in the court's opinion take place within sixty days from the date of the opinion. *In re Juvenile Appeal (83-BC)*, 189 Conn. 66, 81, 454 A.2d 1262 (1983). Thus,

---

[8] Practice Book § 4183 provides in pertinent part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed, or earlier, if appropriate, and, except as otherwise provided in these rules, any motion the purpose of which is to complete, correct or otherwise perfect the trial court record for presentation on appeal shall be made to the court in which the appeal is pending. . . . [The court] may also, for example, on its own motion or upon motion of any party . . . (10) remand any pending matter to the trial court for the resolution of factual issues where necessary . . . ."

the general supervisory powers of the appellate courts have been employed in the interests of justice and judicial economy.

This court has previously concluded that we have the authority to remand a case to the trial court with direction to remand it to the attorney trial referee for a further factual determination. *Pilato* v. *Kapur,* 22 Conn. App. 282, 285, 576 A.2d 1315, cert. granted, 216 Conn. 813, 580 A.2d 67 (1990).[9]

Given the time invested by the parties and the court, and the fact that the matter was completely heard by the attorney trial referee, judicial economy and good sense dictate that the attorney trial referee supply the trial court with his factual findings in a proper format to permit the trial court to fulfill its judicial function. See Practice Book §§ 434 and 443; see also *Hassane* v. *Lawrence,* 31 Conn. App. 723, 626 A.2d 1336 (1993).

The judgment is reversed and the case is remanded to the trial court with direction to remand the case to the attorney trial referee who heard the case with direction to file with the trial court a proper report in accordance with Practice Book § 434, and for other proceedings subsequent to the filing of the report.

In this opinion the other judges concurred.

---

[9] In *Pilato* v. *Kapur,* 22 Conn. App. 282, 285, 576 A.2d 1315, cert. granted, 216 Conn. 813, 580 A.2d 67 (1990), we reversed a judgment as to the award of interest only and remanded the case to the trial court with direction to remand the matter to the attorney trial referee who heard the case for a determination of whether interest should be included as an element of damages. Our Supreme Court granted certification, but the case was withdrawn one month later. Our role is to apply the law as it currently exists; *State* v. *Leonard,* 31 Conn. App. 178, 200 n.18, 623 A.2d 1052 (1993); and therefore we follow *Pilato* v. *Kapur,* supra, in exercising our supervisory power to remand the case to the trial court with direction to remand the matter to the attorney trial referee to file a proper report in accordance with Practice Book § 434 and for other proceedings subsequent to the filing of the report.