![black bar]

National Elevator Industry Pension, Welfare
and Educational Funds *v.* Peter D. Scrivani
(14825)

Callahan, Borden, Berdon, Norcott and Palmer, Js.

Argued March 25—decision released June 28, 1994

*Stuart D. Rosen,* with whom were *Patrick E. Gonya, Jr.,* and, on the brief, *Ann M. Siczewicz,* for the appellant (plaintiff).

*Ian R. McMillan,* with whom was *Jean Rabinow,* for the appellee (defendant).

CALLAHAN, J. We are required to determine in this appeal whether the Appellate Court, which reversed the judgment of the trial court rendered in accordance with the report of an attorney trial referee, properly ordered that the case be remanded to the original attorney trial referee with instructions to make findings of fact and to file a proper report in accordance with Practice Book § 434.[1]

The plaintiff, National Elevator Industry Pension, Welfare and Educational Funds, brought this action under the Connecticut Unfair Trade Practices Act; General Statutes § 42-110a et seq.; seeking damages and injunctive relief for certain actions taken by two companies owned by the defendant, Peter D. Scrivani. The case was referred for trial to an attorney trial referee, who tried the case on December 10, 1991. Posthearing briefs were submitted and, on April 8, 1992, the attorney trial referee issued a document entitled "Memorandum of Decision." After the referee confirmed that the memorandum of decision was his final report, the plaintiff filed a motion to correct pursuant to Practice Book § 438,[2] claiming that the report

---

[1] Practice Book § 434 provides in relevant part: "The report of a committee shall state, in separate and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom. It should not contain statements of evidence or excerpts from the evidence. The report should ordinarily state only the ultimate facts found; but if the committee has reason to believe that his conclusions as to such facts from subordinate facts will be questioned, he may also state the subordinate facts found proven; and if he has reason to believe that his rulings will be questioned, he may state them with a brief summary of such facts as are necessary to explain them; and he should state such claims as were made by the parties and which either party requests him to state."

[2] Practice Book § 438 provides in relevant part: "If either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding further facts, or by stating the claims of the parties

did not adequately set forth findings of fact as required by Practice Book § 434. After the plaintiff's motion was denied by the attorney trial referee, the plaintiff filed an objection to the acceptance of his report by the trial court. The trial court denied the objection and rendered judgment in accordance with the report.

On appeal, the Appellate Court determined that the attorney trial referee's report did not adequately set forth his findings of fact pursuant to § 434, and reversed the judgment of the trial court, stating that the "trial court should have exercised its authority under Practice Book § 443 to 'reject the report . . . .' " *National Elevator Industry Pension, Welfare & Educational Funds* v. *Scrivani,* 31 Conn. App. 728, 733, 626 A.2d 1322 (1993). Instead of simply remanding the matter to the trial court, however, the Appellate Court purportedly exercised its supervisory powers under Practice Book § 4183 (10); id., 734; and ordered the trial court to remand the case to the same attorney trial referee for the preparation of a report consistent with the requirements of § 434. Id., 735. We granted the plaintiff's petition for certification to appeal limited to the following issue: "Having concluded that the attorney trial referee had not complied with the Practice Book by failing to find the facts, did the Appellate Court properly conclude that the case should be remanded to the same attorney trial referee for a finding of facts?" *National Elevator Industry Pension, Welfare & Educational Funds* v. *Scrivani,* 227 Conn. 912, 632 A.2d 694 (1993).

The plaintiff claims that the Appellate Court improperly ordered the trial court to remand the matter to the original attorney trial referee with instructions to

made before the committee, or by setting forth rulings upon evidence or other rulings of the committee, he shall . . . file with the court a motion to correct setting forth the changes and additions desired by him."

make findings of fact and to file a new report. We agree with the plaintiff and reverse the judgment of the Appellate Court.

The Appellate Court has the authority to make appropriate orders necessary for the supervision of an appeal. Practice Book § 4183 provides in relevant part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction . . . . The court may, on its own motion, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . (10) remand any pending matter to the trial court for the resolution of factual issues where necessary . . . ." By its plain terms, the Practice Book section applies only to matters necessary to supervise or control "the proceedings on appeal." See, e.g., *State* v. *Lafferty,* 189 Conn. 360, 363, 456 A.2d 272 (1983) (remanding case to trial court for articulation so that Supreme Court could "properly review the claims made in [the] appeal"); *State* v. *Ostroski,* 184 Conn. 455, 460–61, 440 A.2d 166 (1981) (remanding case to trial court because articulation is necessary for proper disposition of cause); *State* v. *Palmieri,* 143 Conn. 569, 570, 124 A.2d 911 (1956) (remanding matter to trial court to make findings necessary to perfect record for appeal).[3] The defend-

---

[3] When the Appellate Court determines that a speedy trial is necessary to vindicate the parties' legal rights, the ordinary practice is for the court to make an appropriate order and *retain jurisdiction* to enforce its order. See, e.g., *In re Juvenile Appeal (83-BC),* 189 Conn. 66, 81, 454 A.2d 1262 (1983) (order for trial court to hold further proceedings on matter within sixty days accompanied by order that either party *could seek further review* of proceedings without necessity of filing appeal); *O'Bymachow* v. *O'Bymachow,* 10 Conn. App. 76, 78–79, 521 A.2d 599 (1987) (after finding error and remanding for new hearing, Appellate Court exercised discre-

ant has not cited, and our research has failed to disclose, a single case wherein we have invoked § 4183 to control trial court proceedings that were not necessary for the proper review or management of a pending appeal.[4]

The Appellate Court disposed of the only issue on appeal when it determined that the trial court had improperly accepted the attorney trial referee's report and reversed the trial court's judgment. Rather than fashioning an order to effectuate this judgment, however, the Appellate Court invoked its supervisory authority under § 4183 and ordered the trial court to remand the matter to the attorney trial referee who originally heard the matter for findings of fact and a proper report pursuant to Practice Book § 443.[5] Once the report of the attorney trial referee had been ordered rejected, however, § 443 vested the trial court, not the Appellate Court, with the discretion to "refer the matter to the same or another [referee] for a new trial or

tion to retain case on docket and directed trial court to hear and decide motion promptly, followed by further detailed directions of what to happen thereafter). In the instant case, the Appellate Court did not purport to retain jurisdiction to enforce its order.

[4] We note that in *Pilato* v. *Kapur,* 22 Conn. App. 282, 285, 576 A.2d 1315, cert. granted, 216 Conn. 813, 580 A.2d 59 (1990), the Appellate Court reversed the judgment of the trial court and ordered the trial court to remand the case to the same attorney trial referee for a determination of whether interest should have been included in its calculation of damages. We granted certiorari to decide, inter alia: "Should the Appellate Court have remanded the case with direction that the determination of whether interest should be allowed be made by the attorney trial referee who had heard the case and had refused to award interest upon a ground later determined to be erroneous?" The appeal, however, was subsequently withdrawn.

[5] Practice Book § 443 provides in relevant part: "If the [trial] court finds that the committee has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court."

[to] revoke the reference and leave the case to be disposed of in court." The conduct of future proceedings was not properly a subject of the appeal and was not reasonably necessary for the resolution, supervision or control of any aspect of the appeal. Consequently, we conclude that the Appellate Court's remand was not a proper exercise of its supervisory authority under Practice Book § 4183.[6]

Of course, the Appellate Court's jurisdictional authority to make postappeal orders is not limited by § 4183. The Appellate Court, after reversing a judgment, has the authority under General Statutes § 51-197a[7] to fashion a remand that is reasonably necessary or appropriate to facilitate its judgment. Because in this case the decision as to how to proceed after the rejection of the trial referee's report was appropriately entrusted to the discretion of the trial court, however, the Appel-

---

[6] The Appellate Court's decision in *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 314-15, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988), is not to the contrary. In that child custody case, the Appellate Court ordered that physical custody of the child would remain with the defendant until the trial court had an opportunity to address the issue at a new hearing. In the present case, the Appellate Court's order does not address the period in between the appeal and new trial court proceedings, but reaches out and decides a question that should properly have been decided by the trial court on remand.

[7] General Statutes § 51-197a provides in relevant part: "APPEALS TO APPELLATE COURT. WRITS. TRANSFER OF JURISDICTION FROM APPELLATE SESSION. (a) Appeals from final judgments or actions of the superior court shall be taken to the appellate court in accordance with section 51-197c, except for small claims, which are not appealable, appeals within the jurisdiction of the supreme court as provided for in section 51-199, appeals as provided for in sections 8-8 and 8-9, and except as otherwise provided by statute.

"(b) The appellate court may issue *all writs necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law.*" (Emphasis added).

The Appellate Court's authority to fashion a remand under § 51-197a is analogous to this court's authority under General Statutes § 52-265 (a) (2) to "remand the action to the court below or to a judge thereof having jurisdiction, to be proceeded with by the court or judge to final judgment. . . ."

late Court's order for the trial court to remand to the attorney trial referee who originally heard the matter was not a proper exercise of its remand authority.

The decision as to who was to conduct the trial of this matter after the initial report was rejected was not a matter of law that the Appellate Court could consider de novo. That decision, rather, was entrusted, under Practice Book § 443, to the discretion of the trial court, which is the appropriate forum to decide such an issue. The trial court is in a better position than the Appellate Court to consider the needs of the parties, the state of the trial court docket, and the availability of qualified attorney trial referees. It is well established that the authority to exercise judicial discretion regarding matters within the province of the trial court " 'is not conferred upon this court, but upon the trial court, and . . . we are not privileged to usurp that authority or to substitute ourselves for the trial court in its exercise. . . . Nothing short of a conviction that the action of the trial court is one which discloses clear abuse of discretion can warrant our interference.' " *Simons* v. *Simons,* 172 Conn. 341, 349, 374 A.2d 1040 (1977), quoting *Morrill* v. *Morrill,* 83 Conn. 479, 491, 77 A. 1 (1910); see also Practice Book § 4061.

After deciding the appeal and reversing the trial court's judgment, therefore, the Appellate Court should have remanded the matter to the trial court to permit the trial court to determine how the case should proceed subsequent to the rejection of the attorney trial referee's report. See *Algonquin Gas Transmission Co.* v. *Sweeney,* 164 Conn. 158, 161, 318 A.2d 113 (1972); *Clark* v. *Hughes,* 139 Conn. 696, 699–700, 97 A.2d 114 (1953). Instead, the Appellate Court substituted its judgment for that of the trial court and ordered that even though one and one-half years had passed since the date of the one day trial of this matter, it must be remanded to the original attorney trial referee to make

findings of fact and file a proper report.[8] The Appellate Court's order was not authorized by either Practice Book § 443 or Practice Book § 4183 and was not a necessary or appropriate exercise of its authority under General Statutes § 51-197a.

The judgment of the Appellate Court is reversed in part and the case is remanded to that court with direction to vacate its order remanding the case with direction to the trial court to remand to the original attorney trial referee to file a new report.

In this opinion the other justices concurred.

---

[8] Because we answer the certified question by concluding that the Appellate Court's order under Practice Book § 443 was an improper exercise of its authority under Practice Book § 4183 and General Statutes § 51-197a, we do not decide (1) whether that provision would permit the *trial court* to remand the matter to the same attorney trial referee for a new trial or (2) whether the trial court could remand to the attorney trial referee to make additional findings of fact after the trial court itself had rejected the report.