[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANTSOBJECTION TO ACCEPTANCE OF ATR REPORT (#124)
This issues appears to be whether or not the court should sustain the defendants' objection to the acceptance of the Attorney Trial Referee's (ATR) report on the ground that the CT Page 254 ATR's conclusion is based on a document not in evidence.
On March 11, 1988, the plaintiffs, Susan Ramos and Angelina Ramos ppa Susan Ramos, filed a two count complaint against the defendants, Otis and Cecelia McQueen. The plaintiffs allege that on October 15, 1987, Angelina Ramos, a minor, was attacked by the McQueens' german shepherd. The plaintiffs allege that Angelina suffered scarring and disfigurement as a result of the attack. The plaintiffs allege further that they expended sums of money for medical treatment.
On August 29, 1994, the case was tried before John J. Darcy, an Attorney Trial Referee (ATR). On October 26, 1994, the ATR filed his findings of fact and conclusions of law.
The ATR found the following: 1) On October 15, 1987, Angelina, who was three and a half years old, was attacked by a white german shepherd; 2) Angelina was taken to the Emergency Room of Bridgeport Hospital, where she was seen by Dr. Charles D. Gianetti, a plastic surgeon; 3) The white german shepherd was owned and maintained by the defendants; and 5) Susan Ramos incurred uninsured medical expenses of $1,073 as a result of the dog bite. Based on these findings, the ATR concluded that 1) the defendants were liable under General Statutes 22-357; 2) the plaintiffs were entitled to recover $1,073 for the balance due on Dr. Gianetti's bill; and 3) the plaintiffs should be awarded $8,500 in damages.
On November 10, 1994, the defendants filed an objection to the acceptance of the ATR's report.
"The attorney trial referee sits only as a fact finder."National Elevator Industry Pension, Welfare Educational Fundsv. Scrivani, 31 Conn. App. 728, 733, 626 A.2d 1322 (1993), aff'd,229 Conn. 817, ___ A.2d ___ (1994). "[T]he trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." Dills v. Enfield, 210 Conn. 705, 713, 557 A.2d 517
(1989).
Within two weeks after the ATR files his report, either party may move to correct the ATR's findings of fact. Practice Book § 438. "If the ATR fails to correct a report as requested, the moving party may file exceptions seeking correction of the report by the court within ten days after the decision on the CT Page 255 motion to correct has been filed." Martino v. GM Excavating,
Inc., Superior Court, judicial district of Ansonia/Milford at Milford, No. 034924 (February 3, 1993, Jones, J.).
Within two weeks of the filing of the ATR's decision on the motion to correct, an objection to the acceptance of the ATR's report may be filed. Practice Book § 441. "An objection is addressed to the referee's legal conclusions, while an exception challenges its findings of fact. . . . Thus, absent a motion to correct and a subsequent exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Citations omitted; internal quotation marks omitted.) Martino v. GM Excavating, Inc., supra. The trial court's task is to determine whether the conclusions of fact and law by the referee "are legally and logically correct and whether they find support in the facts found by the referee." Practice Book § 440.
The defendants object to the acceptance of the report on the ground that some of the ATR's findings of fact and conclusions of law were based on a document not in evidence.
In his findings of fact, the ATR states that:
 24. Dr. Gianetti's bill for services was $2,185. A portion of the bill was paid by plaintiff's insurance company, leaving a balance due from plaintiff of $1,073 (Exhibit 4).
 26. Plaintiff Susan Ramos incurred uninsured medical expenses of $1,073.00 as a result of the dog bite and is entitled to recover said sum. (Defendant's Exhibit 4)
Based on these findings of fact, the ATR recommended that "plaintiffs recover the sum of One Thousand Seventy Three Dollars ($1,073) for the balance due Dr. Gianetti."
After the ATR released his report, the defendants moved to correct the findings that were based on Exhibit 4 on the ground that Dr. Gianetti's bill was never introduced into evidence. In his decision on the motion to correct, the ATR found that
 Defendants offered into evidence as a full exhibit (Exhibit 4) a bill from Dr. Gianetti directed to CT Page 256 plaintiffs showing a balance due in the amount of $1,073.00. No evidence was presented that the bill was paid.
The defendants did not file an exception to this corrected finding of fact. The issue of whether Exhibit 4 was introduced as a full exhibit involves a question of fact. Since the defendants failed to file an exception to the ATR's finding, they have waived their right to challenge it further. The defendants' objection to the ATR's report improperly attacks the findings of fact based on Exhibit 4. See Martino v. GM Excavating, Inc.,
supra (objections are used to challenge the ATR's legal conclusions, while exceptions are used challenge the findings of fact.) The defendants may not attack the ATR's findings of fact through an objection and, therefore, the objection is overruled.
FORD, JUDGE