[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REPORT OF ATTORNEYTRIAL REFEREE # 107
On January 17, 1995, the plaintiff, Gans Reynolds, filed a three count complaint seeking to collect attorney's fees for legal services rendered in a domestic matter, against the defendant, Vera J. Mathieu. The action was sent to attorney trial referee Philip Baroff for hearing. The referee filed his report on February 2, 1996. In his report the referee found that the action was brought by the plaintiff for services rendered in a divorce action; that the plaintiff was hired pursuant to a written retainer agreement, which provided for a retainer of $3,500, to be charged against time billed at $200 per hour; that the plaintiff was paid the initial retainer, but claims an additional $8,323.74 in additional time and interest; that the plaintiff brought suit in small claims court for $1,925, thereby waiving the remainder of the claimed fees; that the small claims case was dismissed without a decision on the merits; that the defendant disputes the time spent by the plaintiff on her file; and, that the plaintiff spent time in excess of the retainer, and, therefore, is entitled to judgment in the amount of $2,500.
The defendant filed an objection to the acceptance of the report pursuant to Practice Book § 440 on February 13, 1996. In her objection the defendant argues that the plaintiff has not accurately billed for the amount of time spent on her uncontested divorce, therefore, she has already paid the amount owed for the services rendered. On February 21, 1996, the plaintiff filed a motion to strike the defendant's objection.
"The trial court is authorized to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . In a matter heard before an CT Page 5163-G attorney trial referee, the trial court's nondelegable duty to render judgment turns on its ability to determine the facts found by the attorney trial referee. If the court finds material errors in the attorney trial referee's factual findings, it may, under those circumstances, order further proceedings." (Citations omitted; internal quotation marks omitted.) National ElevatorIndustry v. Scrivani, 31 Conn. App. 728, 732-33, 626 A.2d 1332
(1993), rev'd on other grounds, 229 Conn. 817, 644 A.2d 327
(1994). The attorney trial referee has a broad discretion to try facts and pass upon the credibility of witnesses. Argentinis v.Gould, 23 Conn. App. 9, 16, 579 A.2d 1078 (1990), modified,219 Conn. 151, 592 A.2d 378 (1991). "An attorney referee is a factfinder whose determination of the facts is reviewable in accordance with the rules of practice found in Practice Book § 428 through § 444. . . . If a party wishes to have the facts added to or corrected, or to have a ruling on evidence set forth, he must file a motion to correct the report which is then acted upon by the referee. . . . If the referee does not make the requested change, the moving party may file an exception seeking to have the court correct the report. . . . The court will not consider an exception unless its subject matter has been submitted to the referee. . . . A party may file objections to acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings." (Citations omitted.)Bernard v. Gershman, 18 Conn. App. 652, 654-55, 559 A.2d 1171
(1989). "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. . . . Where evidence is in conflict, its probative force is for the trier of fact to determine." (Citation omitted.) Id., 656.
Practice Book § 440 provides in part that [a] party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found . . . or that there are other reasons why the report should not be accepted." As the defendant has not filed a motion to correct the referee's report she has "waived any right to attack the subordinate factual findings contained in the report." Bernard v. Gershman, supra,18 Conn. 655. Furthermore, "[i]t [is] within the referee's purview to find, as a fact, that the contract was breached. The determination of whether a deficiency for a breach of contract exists and the valuation of the components of that deficiency are CT Page 5163-H also questions of fact for the trier." Rowan Construction Corp.v. Hassane, 17 Conn. App. 71, 80, 549 A.2d 1085 (1988), aff'd,213 Conn. 337, 567 A.2d 1210 (1990). Therefore, the referee's findings that the defendant owed money for services rendered was within his province as the trier of fact. The defendant's objections to acceptance of the report is overruled and judgment is entered in accordance with the referee's report.
BY THE COURT,
JUDGE JOHN W. MORAN