[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT ON ATR REPORT (DOCKET ENTRY NO. 126) AND OBJECTION TO ATR REPORT (DOCKET ENTRY NO. 127)
The plaintiff, Louis Anthony, Sr., filed a one-count complaint against the defendant, Leonard C. Blum, alleging that Blum executed a promissory note on behalf of Gladstone, Schwartz, Blum Woods, LLC payable to the plaintiff on September 27, 1995. The promissory note was in the amount of $10,400 and was executed to repay the plaintiff for negligent legal services rendered by Blum. No payments have been made on the note since March of 1996. The plaintiff posits that Blum is personally liable for the acts and omissions of the LLC, of which he was a principal and member, pursuant to General Statutes §§ 34-133(a) and 34-133(b).
A hearing was held before attorney trial referee (ATR) Mark Rosen on August 27, 1997. The ATR filed an amended report with the Superior Court on October 27, 1998. The report contains nine findings of fact and recommendations, and concludes that judgment should enter in favor of Blum. Blum has filed a motion for judgment on the amended report pursuant to Practice Book § 19-16. Anthony filed objections to the amended report pursuant to Practice Book § 19-14.[1] The matter was heard by the court on March 8, 1999.
"A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted." Practice Book § 19-14. Section 440 (now Practice Book (1998 Rev.) § 19-14), however, cannot be used to attack findings of fact. Iroquois Gas Transmission System v. Mileski,43 Conn. App. 47, 52, 682 A.2d 140, cert. denied, 239 Conn. 936,684 A.2d 707 (1996). "The trial court is authorized to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . In a matter heard before an attorney trial referee, the trial court's CT Page 5209 nondelegable judicial duty to render judgment turns on its ability to determine the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.)National Elevator Industry v. Scrivani, 31 Conn. App. 728, 732,626 A.2d 1332 (1993), rev'd on other grounds, 229 Conn. 817,644 A.2d 327 (1994). Where legal conclusions are challenged, the court must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. Where evidence is in conflict, its probative force is for the trier of fact to determine. (Citation omitted.) Bernardv. Gershman, 18 Conn. App. 652, 656, 559 A.2d 1171 (1989). In addition to determining whether "there was . . . evidence to support the attorney trial referee's factual findings", the task of the reviewing court is to decide whether "the conclusions reached were in accordance with the applicable law." Thermoglaze,Inc. v. Morningside Gardens Co., 23 Conn. App. 741, 746,583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153 (1991). See alsoState Bank of Westchester v. New Dimension Homes of Connecticut,Inc., 38 Conn. App. 491, 497, 661 A.2d 119 (1995) (any legal conclusions reached by an attorney trial referee have no conclusive effect).
Anthony objects to the amended ATR report on the ground that the referees conclusion that judgment should enter in favor of Blum is inconsistent with the subordinate facts found. Anthony argues that Blum should be held personally liable for the debt owed to him by the law firm of Gladstone, Schwartz Blum and Woods, LLC. The ATR found that Blum, "acting as agent for Gladstone, Schwartz Blum and Woods, LLC (the "LLC") signed a promissory note payable to the plaintiff which note is the subject of this action." (Emphasis added.) (Amended Report of the Attorney Trial Referee, para. 3.)
Liability of members of limited liability companies is prescribed by statute. General Statutes' 34-133(a) provides:
 "Except as provided in subsection (b) of this section, a person who is a member or manager of a limited liability company is not liable, solely by reason of being a member or manager, under a judgment, decree or order of a court, or in any other manner, for a debt, obligation or liability of the limited liability company, whether arising in contract, tort or otherwise or for the acts or omissions of any other member, CT Page 5210 manager, agent or employee of the limited liability company.
General Statutes § 34-133(b) limits a members personal liability to the members own negligent or wrongful acts.[2]
Anthony argues that the negligence of Blum in a prior action constituted the consideration upon which the promissory note was executed. Therefore, Anthony argues that Blum can be held personally liable pursuant to § 34-133(b). However, the present action is not a malpractice action but a breach of contract action. Thus, Anthony seeks payment of a debt arising from a contract, which is a liability that Blum is not personally liable for pursuant to § 34-133(a). Accordingly, the ATR's finding that Blum is not personally liable follows from the subordinate facts that Blum executed the promissory note and mutual release and settlement agreement as a member of the LLC and on behalf of the LLC. (Trial exhibits A; B.) Therefore, Anthony's objection to the amended ATR report must be overruled. Finally, Blum's motion for judgment on the amended report is hereby granted.
MELVILLE, J.