[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case was referred to an Attorney Trial Referee (ATR) for a trial on the merits. The matter comes before the court on an objection to the report and recommendations of the ATR dated July 31, 2001. CT Page 16238
 Role of the Superior Court
The standard of review the court applies when considering objections to an attorney trial referee's report is clear error. Meadows v. Higgins,249 Conn. 155, 162, (1999); Elgar v. Elgar, 238 Conn. 839, 848-49, (1996). "It is axiomatic that [a] reviewing authority may not substitute its findings for those of the trier of facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 [now § 19-17]. . . . This court has articulated that attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment of the court. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that the mistake has been committed." (Brackets in original; citations omitted; internal quotations omitted.) Meadows v. Higgins, supra, 162. "The attorney trial referee sits only as a fact finder." National ElevatorIndustry Pension, Welfare and Education Fund v. Scrivani,31 Conn. App. 728, 733, 626 A.2d 1332 (1993), rev'd on other grounds,229 Conn. 817, 644 A.2d 327 (1994). The court "cannot find additional facts or reject others unless a material fact has been found without evidence." TDS Painting Restoration, Inc. v. Copper Beech Farm, Inc.,45 Conn. App. 743, 751, 699 A.2d 173, cert. denied, 243 Conn. 908,701 A.2d 338 (1997). It is this court's nondelegable duty to render judgment based on the attorney fact finder's report. National ElevatorIndustry Pension, Welfare Education Fund v. Scrivani, supra, 733.
According to Elgar v. Elgar, supra, the task of a Superior Court in ruling on an objection to an ATR's report is to determine whether the ATR's findings of fact are supported by the record and whether the conclusions drawn therefrom are legally and logically correct.
 The Pleadings
The parties' claims arise out of soured business relationship between the plaintiff Catchpole and the defendants Mark and Fine Woodwork. Catchpole acted as a residential construction contractor and Mark was a carpenter who often bid on and did work on Catchpole's projects. In August 1997, in the midst of several projects and perhaps partially as a CT Page 16239 result of growing acrimony between the parties, Mark determined not to work any further on the Catchpole projects.
In his revised complaint, Catchpole alleged claims of breach of contract against Mark and tortious interference with business expectations slander, libel, theft, abuse of process, and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against both Mark and Fine Woodwork.
The defendants denied the material allegations of the revised complaint and served counterclaims against Catchpole claiming breach of contract, unjust enrichment, quantum meruit, tortious interference with business interest, slander, breach of covenant of good faith, misrepresentation and fraud and the ever present violation of CUTPA.
 The ATR Report
The case was tried before the ATR on four separate days ending in January, 2001. The proceedings consisted of more than 600 pages of transcript and multiple exhibits. The ATR's findings and conclusions are set forth in a 32 page report and recommendations. As a general matter, the ATR found that the principals, Gary Ellis Catchpole and Albert Mark, had maintained a friendly relationship until 1996 but the relationship had deteriorated badly thereafter. The resulting animosity between the two and their purported inconsistent memories with respect to matters which might damage their claims significantly impaired each's credibility. Furthermore, the ATR found that both plaintiff and defendants maintained poor business records, and while some such records were admissible, often they were not persuasive or credible.
The ATR made specific findings of fact and based his legal conclusions on these findings. The ATR found that Catchpole had not met the requisite burden of proof on the Second through Seventh and Ninth through Thirteenth Counts and recommended that judgment enter for Mark. The ATR also recommended dismissal of all claims against the corporate defendant. These recommendations are not objected to, and since they legally and logically follow from the facts found, they are approved and adopted.
Similarly the ATR found that the defendants had failed to meed their burden of proof with respect to all counts of their counterclaim. These findings are also approved and adopted.
As to the plaintiff's First Count alleging that Mark breached contracts, the ATR found that Mark had failed to perform as contracted on four projects and that Catchpole had paid Mark a total of $25,431.00 for CT Page 16240 work not done because of Mark's breach. Additionally, the ATR found that on one project Mark had done work in excess of the contact in the amount of $4,400.00 and that as a result Mark was indebted to Catchpole in the amount of $21,031,00. (ATR Report, Findings of Fact 33-36)
The major objection of Mark to the ATR Report is based on the Report's Finding of Fact 16 to the effect that, as a result of Mark's breach, Catchpole had to hire others to complete the carpentry work which Mark had defaulted on, but that Catchpole had not offered "clear proof' as to what Catchpole had paid to others to complete Mark's work. Therefore, Mark argues that Catchpole has not established his damages from the breach of contract.
The court disagrees with this analysis. The ATR specifically found that Catchpole "was obliged to and did hire others to complete the work" required under the defaulted contracts. The ATR was not able to find what, if any, expenses Catchpole had to pay to these other contractors. However, the ATR did not find that the other contractors worked for free or for less than Mark. Indeed, there was evidence presented by Catchpole that he paid to others more than the contract price with Mark. The ATR simply found that the extent of damages incurred by Catchpole was the amount of overpayment to Mark, and no more.
A second objection by Mark involved the amount of a set-off for Mark against the amount owed Catchpole for extra work performed by Mark on the Shiro contract. The ATR made a factual finding, number 35, that Mark was unpaid $4,400.00 for this work. Mark claims this amount should have been $9,550.00, and indeed, Catchpole's post-trial brief appears to concede this. Nevertheless, there was evidence supporting a $4,400.00 set-off and a higher set-off. The court will not disturb this finding.
The court has considered the ATR Report and the objections thereto and read selected portions of the trial transcript. The court commends the ATR for hearing and considering the myriad of claims and allegations and rendering a comprehensive report including findings of fact and recommendations which are approved and adopted.
Judgment may enter as follows: on the first count of its complaint, Catchpole shall have judgment against Mark in the amount of $21,031.00; on the eighth count of its complaint, Catchpole shall have judgment in the amount of $907.20 with prejudgment interest on this latter amount at ten percent, pursuant to General Statutes § 37-3a, accruing from July 27, 1997. All other counts in the complaint are dismissed. All counts of the counterclaim are dismissed. The plaintiff is entitled to statutory costs. CT Page 16241
ADAMS, J.