[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Eric Fleisch, as Executor of the Estate of his wife Michelle Fleisch, appeals from a decree of the Probate Court for the District of Norwalk which allowed, in full, Ailene Fagin's Proof of Claim against the Estate. The decree held that a transfer of $30,000 from Fagin to her daughter Michelle Fleisch was a loan, rather than a gift. The decree also held that the transfer by Fagin of about $145,000 in a Smith Barney brokerage account to Mrs. Fleisch was held by Mrs. Fleisch in trust for Fagin's benefit. Eric Fleisch alleges the determinations of the Probate Court were incorrect. Fagin denies these allegations. The appeal is to be decided de novo by this court.
This case was tried before an Attorney Trial Referee (ATR) pursuant to Practice Book § 19-2A. The ATR filed a report which contained sixty-one findings of fact, four recommended conclusions of law and a memorandum explaining the reasoning for the conclusions. The ATR recommended, in essence, that the Fagin claims be allowed and that the Probate Court's decree be found to be correct. Specifically, the ATR recommended a finding that a constructive trust in favor of Fagin was imposed on the Smith Barney account in Mrs. Fleisch's name.
Eric Fleisch has filed an objection to acceptance of the ATR's Report. Fagin has filed papers in opposition to the objection. Eric Fleisch's objection is based on two arguments: (1) that the ATR's recommendation of a constructive trust over the assets in the Smith Barney account is erroneous because it failed to address or adopt Fleisch's defense of unclean hands and (2) the facts do not support the imposition of a constructive trust. The objection does not take issue with the ATR's finding with respect to the $30,000. loan. CT Page 4582
 Standard of Review
The standard of review the court applies when considering objections to an attorney trial referee's report is clear error. Meadows v. Higgins,249 Conn. 155, 162, (1999); Elgar v. Elgar, 238 Conn. 839, 848-49, (1996). "It is axiomatic that [a] reviewing authority may not substitute its findings for those of the trier of facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 [now § 19-17]. . . . This court has articulated that attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment of the court. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that the mistake has been committed." (Brackets in original; citations omitted; internal quotations omitted.) Meadows v. Higgins, supra, 249 Conn. 162. "The attorney trial referee sits only as a fact finder." NationalElevator Industry Pension, Welfare and Education Fund v. Scrivani,31 Conn. App. 728, 733, 626 A.2d 1332 (1993), rev'd on other grounds,229 Conn. 817, 644 A.2d 327 (1994). The court "cannot find additional facts or reject others unless a material fact has been found without evidence." TDS Painting Restoration, Inc. v. Copper Beech Farm, Inc.,45 Conn. App. 743, 751, 699 A.2d 173, cert. denied, 243 Conn. 908,701 A.2d 338 (1997). It is this court's nondelegable duty to render judgment based on the attorney fact finder's report. National ElevatorIndustry Pension, Welfare Education Fund v. Scrivani, supra,31 Conn. App. 733.
According to Elgar v. Elgar, supra, the task of a Superior Court in ruling on an objection to an ATR's report is to determine whether the ATR's findings of fact are supported by the record and whether the conclusions drawn therefrom are legally and logically correct.
 Discussion
The court has reviewed the trial transcript and exhibits introduced during the trial including several deposition transcripts and the video tapes of Fagin's deposition. The court determines that the extensive CT Page 4583 findings of fact are not without evidence to support them and are not clearly erroneous. While there is not any specific finding explicitly rejecting the lack of clean hands defense put forward by Eric Fleisch, it is clear that the ATR did reject it.
The essence of Eric Fleisch's defense is that the transfer of Fagin's Smith Barney account to Mrs. Fleisch was an attempt to improperly make her eligible for assistance under Medicaid. There was some evidence that Medicaid entered into the discussions that preceded the transfer, although not very much of this evidence purported to show that Fagin discussed this issue. Indeed, the evidence gives some indication that Medicaid eligibility for her mother crossed Mrs. Fleisch's mind at one point or another. On the other hand Fagin testified that the purpose of the transfer to her daughter was to allow Mrs. Fleisch access to the funds so that she could take care of Fagin if Fagin was not able to do so herself. Another reason was that Fagin trusted her daughter and oldest child to carry out her wishes as to distribution of the Smith Barney assets if Fagin died, i.e. one third to each of Fagin's two living children and one third to the children of a deceased child. There was no evidence that Fagin had ever applied for Medicaid assistance. The ATR had ample basis to find Fagin's testimony credible.
The ATR decided the facts in favor of Fagin. Although presented with extensive proposed findings and argument from Eric Fleisch, the ATR made findings nos. 6-10 and 36-55 which refute the factual predicate for an argument of that the transfer was designed to defraud Medicare. In so doing, the ATR rejected the proposed findings of fact submitted by Eric Fleisch which sought to establish that the purpose of the transfer was to evade Medicaid eligibility requirements.
Fleisch also contends that the facts found by the ATR are not sufficient, or adequate, to justify the imposition of a constructive trust. Fleisch points specifically to the comment in the ATR's memorandum to the effect that Eric Fleisch
 "will gain all of the assets of his former mother-in-law . . . when he . . . always has known . . . his deceased wife was holding Mrs. Fagin's money for her benefit, and equally, for the benefit, of her three children. This is unjust. For the Plaintiff to receive the monies belonging to his former mother-in-law . . . would be clearly unjust.
ATR memorandum, 8-9.
Eric Fleisch argues that the law requires the transferee of assets to CT Page 4584 be unjustly enriched in order to justify a constructive trust, and there is no finding by the ATR that Mrs. Fleisch was unjustly enriched, only that he will be. Implicit in the ATR's findings and memorandum, however, is the fact that the Estate of Michelle Fleisch as the record owner of the Smith Barney account is unjustly enriched. The ATR found that Fagin did not intend to make a gift of the account to Mrs. Fleisch, that there was a agreement that Mrs. Fleisch distribute the account equally among her siblings, and that Mrs. Fleisch memorialized this understanding in writing before her untimely and unexpected death. While Eric Fleisch may be unjustly enriched in his capacity as Executor of the Estate and a beneficiary thereof and this is what the ATR's memorandum states, it is clear this enrichment is the direct result of the enrichment of the Estate. This enrichment was not intended to happen but it occurred because it was planned that Mrs. Fleisch would expend the funds for Mrs. Fagin's benefit and/or distribute them to her sibling and nieces and nephews. When this did not occur the enrichment of the Estate was unjust.
The ATR's Report and recommendation are adopted. The appeal is dismissed.
So Ordered:
ADAMS, J.