WALTER N. BLOCK ET AL. v. ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 18716

Memorandum filed February 15, 1950.

*Allyn L. Brown, Jr.,* of Norwich, for the Plaintiffs.

*Harry Silverstone,* Assistant Attorney General, for the Defendant.

COMLEY, J.   The existence of a partnership relation is an ultimate conclusion to be drawn by the trier from all the subordinate facts. *Hotchkiss* v. *DeVita,* 103 Conn. 436, 448.

It cannot be said that any one fact is determinative of the relationship, the essential question being whether, upon all the facts, "such a relation exists between them [the partners] that each is as to all the others, in respect to some business, both principal and agent." *Morgan* v. *Farrel,* 58 Conn. 413, 422; *Samstag & Hilder Bros.* v. *Ottenheimer,* 90 Conn. 475, 478.

Where the parties are closely related, as in this case, "acts and circumstances between them have not the significance which could attach to them if between strangers. . . ." *Jenkins* v. *Reichert,* 125 Conn. 258, 263.

It seems to me that the key to the solution of the present problem lies in the fact that the parties were father and son. The father had been engaged in the business since 1922. The son entered the business in 1938 as a very young man shortly after his graduation from high school. At that time the father says that he had determined in his own mind that the boy would eventually be his partner. The first step in that direction was

taken in 1944 when the father wrote the son, then in India serving in the armed forces, that he had changed the name of the business to "Walter Block and Son." Nothing was done at that time except to change the sign on the store and to put the new name on the business stationery. These facts suggest little more than the desire of the father to encourage the boy as to his future prospects.

The son returned from service and re-entered the business in December, 1945. The father asserts that from that time forward the son had equal authority with him in the direction and control of the other employees. However, the only other employees were a stenographer and two truckmen and it would be quite natural that a salesman would have authority to issue orders to such subordinates. The son was placed on a basis of compensation consisting of regular payments of forty-five dollars per week and a percentage of sales made by himself. The father now calls this a "drawing account" upon the son's interest in the business but his statements are squarely refuted by the payroll records and by the income tax returns in both which all payments to the son were handled as salary paid to a regular employee. There is nothing to indicate that the boy ever made any capital contribution to the business or that he had any interest in the capital assets or that he ever had a definite interest in the current net income of the business. The Supreme Court has indicated that some sharing of profits and losses is essential to the existence of a partnership. *Landow & Co., Inc.* v. *Maisano,* 118 Conn. 214, 219. Prior to 1948 there was no such sharing in this business. The boy did not even have the power to draw upon the bank account which was at all times carried in the father's name.

I do not doubt that the father at all times since 1938 intended that his son should become his partner and successor but I am equally convinced that he wholly failed, until 1948, to take the steps necessary to carry that intent into effect. I therefore conclude that Walter E. Block was not a partner in the business between December, 1945, and the date of the partnership agreement.

Judgment is rendered sustaining the assessment made by the commissioner except for that portion described in paragraph 10 of the stipulation filed by the parties which said portion is to be eliminated from the assessment in accordance with the terms of the stipulation.