## LINDA PAOLLELA *v.* JOHN PAOLLELA

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 305240
NEW HAVEN

Memorandum filed August 21, 1991

*Cohen & Rubin,* for the plaintiff.
*T. F. Brown,* for the defendant.

DEMAYO, J. In this limited contested dissolution, the major asset in dispute is a restaurant business that the

parties operated together until the series of events precipitating their marital breakdown.

This marriage, the second for both parties, took place in November, 1987. The following September the plaintiff and the defendant became interested in the restaurant business and subsequently purchased it. While both parties signed the note to secure the purchase price and improvements, the lending institution insisted on security. The plaintiff, therefore, signed a mortgage on the residence she owned prior to her marriage to the defendant.

The plaintiff claims to be the sole proprietor of the business while the defendant argues that the parties entered into a partnership, and he, therefore, claims a one-half interest.

Under the state's Uniform Partnership Act, General Statutes § 34-39 et seq., a partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit." General Statutes § 34-44 (1). The existence of a partnership is determined from all of the facts and circumstances of the case. *Block* v. *Administrator of Unemployment Compensation,* 16 Conn. Sup. 444 (1950).

Connecticut courts have not had occasion to determine the existence of a partnership where husband and wife are involved. There is no written agreement evincing an intent to form a partnership by these parties. Although they shared the profits from the business, that does not necessarily establish a partnership. General Statutes, § 34-45 (3). The existence of a partnership relationship is determined from all of the facts and circumstances of the case. *Block* v. *Administrator of Unemployment Compensation,* supra. And, when closely related individuals are involved, the facts and

circumstances between them do not have the same significance they would have if the parties were strangers. Id.

The burden of proof to establish a partnership is on the party alleging partnership and is more strict when relatives are the alleged partners. In *Miller* v. *City Bank & Trust Co.*, 82 Mich. App. 120, 266 N.W.2d 687 (1978), which involved a husband and a wife, the facts were very similar to the facts in the present case. The court found that the receipt of equal funds by the parties was not indicative of an intent to form a partnership. It is significant that the business was listed as a sole proprietorship on the tax returns filed by the husband and the wife and that all wages were attributed to the husband.

The plaintiff has also cited *Myrland* v. *Myrland,* 19 Ariz. App. 498, 508 P.2d 757 (1973), a case with virtually the same fact pattern as the present one, in which the court found no intent to form a partnership. Both Michigan and Arizona have adopted the Uniform Partnership Act.

The facts in the present case compel the conclusion that the parties' restaurant business was not a partnership. The plaintiff took title in her own name. She filed business schedules as a sole proprietor and the defendant signed joint tax returns with her. The plaintiff's real estate is security for the purchase money loan. While it is true that the parties shared the income produced by the business, this is attributable to the husband-wife relationship, as it was in *Miller* v. *City Bank & Trust Co.*, supra, and *Myrland* v. *Myrland,* supra. Similarly, a division of the management and operation effort existed in these cases.

There is yet another basis upon which to deny the defendant's claim that he is a partner. The defendant

testified that the business was not put in his name because of the concern that his former wife would learn of it and seek alimony or support due her. It would be contrary to public policy to reward him now for this intent to evade his legal responsibilities.

The court finds that the restaurant business is a sole proprietorship, owned by the plaintiff.

The jurisdictional requirements having been met and the parties having stipulated that the marriage has broken down irretrievably, the marriage is dissolved.

The following orders are found to be fair and equitable under the circumstances of the present case, the requirements of the pertinent statutes having been considered.

The plaintiff shall retain the restaurant business as her own and shall hold the defendant harmless from any and all liability arising from the operation and ownership of the restaurant business.

The parties shall retain the personalty presently in their possession, shall be responsible for their respective liabilities, and shall hold the other party harmless from them.

Neither party will be obligated to pay alimony.[1]

---

[1] Remaining specific orders have been omitted for purposes of publication.