[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR TEMPORARY INJUNCTION
In this case the plaintiff requested a temporary injunction. The plaintiff claims to have formed a partnership with the defendant in which the partners agreed to share equally the assets and profits of the partnership which was called Colonial Travel Worlds. In July of 1993 the defendant, without the plaintiff's consent, appropriated for her own use assets of the partnership, previously booked business, documents, client and mailing lists, a checkbook, and an accounts payable fee.
The plaintiff claims in her request for temporary injunction to have suffered irreparable injury for which there is no adequate remedy at law and has sought an order from the court requiring the defendant to:
 i.) deposit all sums, net of expenses (but excluding any payments to the defendant) generated by the operations of Colonial Travel Worlds and/or Silver Blade Tours into an escrow account pending resolution of plaintiff's claims in this action.
 ii). account to plaintiff for any sums received by the defendant generated by the operations of Colonial Travel and/or Silver Blade Tours prior to the entry of any orders herein.
 iii). enjoin operation of the partnership as a sole proprietorship.
iv.) appoint a receiver for the partnership.
v.) enter such other orders as equity requires.
The court finds that in fact these two women did form and operate a partnership which was a travel agency specializing in ice skating events. The partners split expenses and profits and CT Page 9930 several years ago began to file partnership tax returns.
Without any legal justification and in derogation of her fiduciary responsibilities, the defendant in the summer of 1993 did in fact remove the various items mentioned from the business office of the partnership. The reasons she gave for so acting — that the plaintiff had been depriving her of monies that rightfully should have gone to her provide no legal excuse for these actions that the court is aware of.
The court further finds that the defendant then began a new travel agency called Silver Blade Tours offering by the defendant's own admission the same product — arranged ice skating tours — as the partnership. The defendant in this business used partnership customer lists and goodwill for her financial advantage. In her advertising, Ex. B, the defendant let the customer public know that she was "formerly of Colonial Travel Worlds." In fact, in the memorandum of law filed in her behalf, the defendant expressed a willingness to provide plaintiff with an accounting and to split with the plaintiff the commissions earned, less expenses, for work in progress when the defendant "ended" the partnership by removing partnership assets in an unauthorized manner.
Under our law a partnership establishes a fiduciary relationship in which the parties owe each other a duty of undivided loyalty, including a duty to provide other partners with information about partnership operations and accounts,Wedlich v. Wedlich, 147 Conn. 160, 164 (1960). As noted, although the burden is on the party trying to prove the partnership relationship to establish it, Padilla v. Padilla, 42 Conn. Sup. 184,186 (1991), there is great probability that on the merits the plaintiff will be able not only to prove the existence of partnership, Parker v. Canfield, 37 Conn. 250 (1870), but establish a claim for money damages and secure at least a certain portion of her request for injunctive relief.
The question before the court in this case is not whether a prima facie case that a wrong was committed has been established, but the propriety and scope of the remedy requested by the plaintiff by way of injunctive relief. Relevant to a resolution of this issue is the fact brought out at the hearing that after the defendant removed the partnership records as indicated, the plaintiff became a consultant for another business which also as part of its business books ice skating tours. She however is only CT Page 9931 an employee of this business. She has not set up a business of her own because she feels she had a well-established business going and doesn't believe she should have to start from scratch.
Remedy
It is clear to the court that the defendant should provide the plaintiff with an accounting and it is so ordered by the court.
The plaintiff is further ordered to split with the plaintiff commissions earned, less expenses, for work in progress when defendant left Colonial Travel Worlds.
The court further orders that it is only equitable that until this litigation is terminated or further order of the court, that Ms. Cassella should not note in her advertisement or promotional brochures that she was "formerly of Colonial Travel Worlds or had any association with this former partnership. In light of her actions in removing the business records and the clear prima facie evidence of her wrongful dissolution of the partnership it would be grossly unfair for her to continue her reference to that business thus compounding the unfair advantage she acquired over her former partner, the plaintiff, by her seizure and wrongful detention of partnership records.
What we have here is a case of wrongful dissolution of a partnership clearly not authorized by our statutes, §§ 34-28a,34-28b. As said in "Partnership", 59A Am.Jur.2d, § 566, pp 524-525:
 "In a case of a breach of the partnership contract by wrongful dissolution the damages recoverable include the value of the profits which the plaintiff otherwise would have received or the value to him (sic) of the continuance of the agreement during the term provided by contract, meaning the prospective or anticipated profits of the partnership or the profits which would have accrued to the injured partner had the partnership not been wrongfully dissolved. Thus, the loss of future profits is a proper measure of a part of the damages for wrongful dissolution particularly where the sole object of the business in question is the accumulation of profits." CT Page 9932
See generally Kane v. McNally, 470 P.2d 73, 76 (Colo. 1970).
These general principles define the scope of the plaintiff's right to injunctive relief. It is true that a party should not be forced to bring multiple damage actions in a case of ongoing wrong and thus injunctive relief can be appropriate in such a case. Thus citing that general principle, the court in Berin v.Olson, 183 Conn. 337 (1981), awarded damages and an injunction against the defendant ordering him to stop diverting water onto the plaintiff's land and further ordered him not to increase the flow of water onto the plaintiff's land.
But here we have a claim for money, lost profits; there is no great difficulty given our liberal rules of discovery from the plaintiff developing at a trial of this case the amount of lost profits. The partnership is in effect dissolved, albeit wrongfully, and that is the key factor for the purposes of determining the scope of adequate and justifiable injunctive relief. The plaintiff's broad request in effect seems to assume that for the purposes of defining that relief that the defendant is to work apparently on her own in this business as long as she desires to do so for the benefit of the plaintiff. The plaintiff would be in a better position then than she was before the defendant's wrongdoing. That is, she apparently wouldn't have to work with the defendant under the plaintiff's suggested court orders but would receive half of any profits generated by the defendant and could work in a competing business at the same time earning a salary. The court cannot feasibly order these two individuals to work together again.
The court does not mean to suggest in any way that the full extent of justifiable lost profits here ought to be limited to splitting the profits just as to work in progress when the defendant left the partnership and wrongfully moved its records. And, I understand that to be the basis of the plaintiff's concern and argument which lies behind the claim of irreparable harm. But that concern is more fairly met by having the court order that the complete financial operations of the defendant's business, Silver Blade Tours, be made available and open to inspection by plaintiff's counsel during pendency of this litigation. Given the nature of what the plaintiff has shown here, the only effective and equitable method for her to prove lost profits is to grant the relief indicated by the court. The defendant should not be heard to complain even though she is or may be a competitor with CT Page 9933 the plaintiff since the acts of wrongdoing which have been proven to the satisfaction of the court require this result if the plaintiff is to have an adequate remedy and avoid irreparable harm. If the parties cannot agree on the terms of this financial monitoring, they should return to the court for further orders in this matter.
Corradino, J.