[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR ARTICULATION No. 142
FACTS
On March 21, 1989, the plaintiff, Severn P. Duvall, filed a one count complaint seeking an accounting against the defendants, Jesup Group, Inc., Terence M. Rowse, Peter J. Faillace and Edward C. Roehm. The plaintiff alleges in his complaint that in October of 1985 he entered into an oral partnership agreement with the defendants; that on September 14, 1988, the defendants demanded that the plaintiff pay $250,000 to maintain his partnership pay status; and, that on December 11, 1988, the defendants excluded the plaintiff from the business.
On May 29, 1990, the defendants filed their answer, special defense and counterclaim. The defendants filed an amended counterclaim on December 20, 1990. The defendants allege in the their special defense that the plaintiff is estopped from asserting his claim by reason of fraudulent misrepresentations made to the defendants. In their amended counterclaim, the defendants allege that they raised the plaintiff's pay because he fraudulently misrepresented his intention to purchase an CT Page 5149-CCCCC interest in the corporation, that the plaintiff subsequently declined to purchase such interest, and that, as a result the plaintiff was paid an extra $129,856.
After a hearing before attorney trial referee Mark J. Rosen, the referee filed his findings of fact and conclusions of law on January 12, 1996. The referee found that the Jesup Group, Inc. was a corporation which hired the plaintiff in October of 1982; that the plaintiff was initially paid a salary which was converted to a payment of 50% of his commissions; that in 1985, the defendants spoke with the plaintiff regarding a possible agreement to purchase shares in the corporation; that the evidence and testimony showed that the Jesup Group, Inc. operated as a corporation and not as a partnership; that the defendants testified that they increased the plaintiff's compensation to enable him to purchase shares in the corporation; that the testimony indicated that the plaintiff received profits as compensation; and, that the defendants failed to prove that the plaintiff's initial agreement to purchase shares of the corporation was untrue when it was made. Accordingly, the referee recommended that judgment enter in favor of the defendants on the plaintiff's complaint, and that judgment enter in favor of the plaintiff on the defendants' counterclaim.
On January 24, 1996, the plaintiff filed a motion to correct the referee's report. The referee filed corrected findings of fact on February 6, 1996, in which he found that the plaintiff contributed office equipment to the corporation; in return for equal participation the plaintiff gave up all claims against furniture and assets of the corporation; that the plaintiff regularly paid a portion of the corporation's overhead expenses; that the plaintiff and the defendants executed a lease for the corporation, voted on operations of the business, and signed signature cards for bank accounts; and, that the corporation had business cards printed for the plaintiff indicating he was a partner. The plaintiff filed exceptions to the referee's report, and an objection to the referee's report on February 15, 1996. The defendants filed a memorandum in opposition to the plaintiff's exceptions and objections to the referee's report on April 8, 1996.
"The trial court is authorized to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . In a matter heard before an CT Page 5149-DDDDD attorney trial referee, the trial court's nondelegable duty to render judgment turns on its ability to determine the facts found by the attorney trial referee. If the court finds material errors in the attorney trial referee's factual findings, it may, under those circumstances, order further proceedings." NationalElevator Industry v. Scrivani, 31 Conn. App. 728, 732-33,626 A.2d 1332 (1993), rev'd on other grounds, 229 Conn. 817,644 A.2d 327 (1994). The attorney trial referee has a broad discretion to try facts and pass upon the credibility of witnesses. Argentinisv. Gould, 23 Conn. App. 9, 16, 579 A.2d 1078 (1990), modified,219 Conn. 151, 592 A.2d 378 (1991). "An attorney referee is a factfinder whose determination of the facts is reviewable in accordance with the rules of practice found in Practice Book § 428 through § 444. . . . If a party wishes to have the facts added to or corrected, or to have a ruling on evidence set forth, he must file a motion to correct the report which is then acted upon by the referee. . . .If the referee does not make the requested change, the moving party may file an exception seeking to have the court correct the report. . . . The court will not consider an exception unless its subject matter has been submitted to the referee. . . . A party may file objections to acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings." (Citations omitted.)Bernard v. Gershman, 18 Conn. App. 652, 654-55, 559 A.2d 1171
(1989). "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. . . . Where evidence is in conflict, its probative force is for the trier of fact to determine." Id., 656.
The defendants have not filed a complete transcript of the proceedings as required by Practice Book § 439, therefore, "`[w]ithout a transcript, the factual findings of the referee cannot possibly be evaluated.'" Midrange Business, Inc. v.Cayton, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 312401 (September 28, 1995, Ford, J.); see also Cunningham v. McEvoy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 121399 (August 24, 1995, Lewis, J.); Cf. Bernard v. Gershman, supra, 18 Conn. App. 655
(holding that a failure to file a motion to correct waived the right to challenge the referee's subordinated factual findings).
The plaintiff objects to the referee's report on the ground CT Page 5149-EEEEE that because the plaintiff received profits of the corporation, paid a portion of the overhead, acquired managerial authority and incurred liability under leases he was in a partnership with the corporation.
"The burden of proof to establish a partnership is on the party alleging partnership . . . ." Paollela v. Paollela,42 Conn. Sup. 184, 186, 612 A.2d 145 (DeMayo, J. 1991). Furthermore, [t]he existence of a partnership relationship is determined from all the facts and circumstances of the case." Id., 185. The plaintiff argues that his receipt of profits shows that he was in a partnership. General Statutes § 34-45 (4) provides in part that "[t]he receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business . . . ." However, "the presumption . . . is rebuttable."Beckman v. Jalich Homes, Inc., 190 Conn. 299, 306, 460 A.2d 488
(1983). The referee found that the plaintiff's receipt of profits were in payment as wages of an employee, and therefore, no inference of partnership could be drawn pursuant to General Statutes § 34-45 (4)(b). The plaintiff contends that the evidence does not support the referee's factual findings that the profits were wages, however, as discussed above, the plaintiff has waived his right to challenge the subordinate facts by failing to file a transcript.
Moreover, although the plaintiff argues that his payment of a portion of the overhead expenses and signing the lease made him a partner with the corporation, General Statutes § 34-45 (2) provides that "[j]oint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property." "Section 34-45 (2) . . . provides that co-ownership of property does not of itself establish a partnership whether or not the co-owners share profits from the property. To find a true partnership, a mutual agency is essential. . . . To determine the nature of an association the court looks to the intent of the parties." (Citations omitted.) Travis v. St.John, 176 Conn. 69, 72-73, 404 A.2d 885 (1978). As intent is a question of fact, such a determination lies within the province of the referee. See Argentinis v. Gould, supra, 23 Conn. App. 16. The referee found that a partnership had not been formed, and that the plaintiff was merely an employee of the corporation.
Accordingly, that judgment will enter in accordance with the recommendation of the attorney trial referee.
BY THE COURT,
GROGINS, J. CT Page 5150