[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts were previously reviewed and set forth in the court's memorandum dated July 17, 1996. This court originally rendered judgment in accordance with the referee's report on the ground that the plaintiff had failed to file a transcript, thereby waiving his right to challenge the subordinate facts found by the referee. That judgment was vacated by this court after discovering the transcripts.
"The trial court is authorized to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. . . . In a matter heard before an attorney trial referee, the trial court's nondelegable judicial duty to render judgment turns on its ability to determine the facts found by the attorney trial referee. If the court finds material errors in the attorney trial referee's factual findings, it may, under those circumstances, order further proceedings." (Citations] omitted; internal quotation marks omitted.) NationalElevator Industry v. Scrivani, 31 Conn. App. 728, 732-33,626 A.2d 1332 (1993), rev'd on other grounds, 229 Conn. 817,644 A.2d 327 (1994). The attorney trial referee has a broad discretion to try facts and pass upon the credibility of witnesses. Argentinisv. Gould, 23 Conn. App. 9, 16, 579 A.2d 1078 (1990), modified,219 Conn. 151, 592 A.2d 378 (1991). "An attorney referee is a factfinder whose determination of the facts is reviewable in accordance with the rules of practice found in Practice Book § 428 through § 444. . . . If a party wishes to have the facts added to or corrected, or to have a ruling on evidence set forth, he must file a motion to correct the report which is then acted upon by the referee. . . . If the referee does not make the requested change, the moving party may file an exception seeking to have the court correct the report. . . . The court will not consider an exception unless its subject matter has been submitted to the referee. . . . A party may file objections to acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his rulings." (Citations omitted.)Bernard v. Gershman, 18 Conn. App. 652, 654-55, 559 A.2d 1171
CT Page 8339 (1989). "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. . . . Where evidence is in conflict, its probative force is for the trier of fact to determine." (Citations omitted.) Id., 656.
The plaintiff objects to the referee's report on the ground that because the plaintiff received profits of the corporation, paid a portion of the overhead, acquired managerial authority and incurred liability under leases, he was in a partnership with the corporation.
"The burden of proof to establish a partnership is on the party alleging partnership. . . ." Paollela v. Paollela,42 Conn. Sup. 184, 186, 612 A.2d 145 (DeMayo, J., 1991). Furthermore, "[t]he existence of a partnership relationship is determined from all the facts and circumstances of the case." Id., 185. The plaintiff argues that his receipt of profits shows that he was in a partnership. General Statutes § 34-45 (4) provides, in part, that "[t]he receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business. . . ." However, "the presumption . . . is rebuttable."Beckman v. Jalich Homes Inc., 190 Conn. 299, 306, 460 A.2d 488
(1983). The referee found that the plaintiff's receipt of profits were in payment as wages of an employee and, therefore, no inference of partnership could be drawn pursuant to General Statutes § 34-45 (4)(b). Moreover, although the plaintiff argues that his payment of a portion of the overhead expenses and signing the lease made him a partner with the corporation, General Statutes § 34-45 (2) provides that "[j]oint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property."
Chester Billings testified that the overhead payments were booked as loans to the company, for which the individuals would be repaid. Billings also testified that all of the W-2s he received were from the Jesup Group, Inc., that the Jesup Group filed corporate tax returns rather than partnership returns, and that the Jesup Group was reincorporated in 1986. The plaintiff also testified that the Jesup Group was incorporated in 1981, was reincorporated in 1986, and that the period of time the Jesup Group was not incorporated was between three and nine months. The CT Page 8340 plaintiff further testified that during the reincorporation he, Billings, Roem, Faillace and Rowse all signed as incorporators. The plaintiff also testified that he had no writing evidencing a partnership agreement beyond business cards identifying himself as a partner. Rowse testified that the Jesup Group was first incorporated in 1981, with five original shareholders, and after a lapse in the corporation status, reincorporated in 1986. Rowse also testified that in 1988, a demand was made on the plaintiff to pay $250,000 to buy a 25 percent interest in the Jesup Group. The other members of the Jesup Group testified that the plaintiff's and Billings compensation was raised in order to enable them to purchase shares in the corporation. Roem testified that the plaintiff always knew that the Jesup Group was a corporation.
"Section 34-45 (2) . . . provides that co-ownership of property does not of itself establish a partnership whether or not the co-owners share profits from the property. To find a true partnership, a mutual agency is essential. . . . To determine the nature of an association the court looks to the intent of the parties." (Citations omitted.) Travis v. St. John, 176 Conn. 69,72-73, 404 A.2d 885 (1978). As intent is a question of fact, such a determination lies within the province of the referee. SeeArgentinis v. Gould, supra, 23 Conn. App. 16. The referee found that a partnership had not been formed, and that the plaintiff was merely an employee of the corporation. As a review of the transcript reveals, the referee had more than ample evidence upon which to base his findings of fact.
Accordingly, judgment enters in accordance with the recommendation of the attorney trial referee.
Grogins, J.