[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court (Quinn, J.) after trial granted the application of the Department of Children and Youth Services (DCF) to terminate the parental CT Page 10942 rights of the respondents with respect to Sheena and Juan I. The respondent father (respondent) has now filed an application for a waiver of fees, costs and security to appeal the judgment. DCF objects.
Practice Book § 63-6 provides that an application for a waiver of fees, costs and security "must be under oath and recite, or it must be accompanied by an affidavit reciting, the grounds upon which the applicant proposes to appeal and the facts concerning the applicant's financial status."
The respondent's application is made by his attorney, under oath, and states that the respondent "is still on disability and is financially unable to pursue an appeal without this waiver."[1] The statement that the respondent is financially unable to pursue an appeal is a mere conclusion, entitled to no weight. Cf. State v. Morrill, 205 Conn. 560,570-71, 534 A.2d 1165 (1987) (conclusory allegations by attorney in affidavit insufficient) Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415
(1980) (same, in connection with summary judgment). The statement that the respondent "is still on disability" does, not without, more support the conclusion or sufficently state "facts concerning the applicant's financial status." Moreover, the affidavit of the attorney, who has admitted that he never met the respondent,[2] does not aver personal knowledge, nor does it appear that it could be made on personal knowledge. Therefore, the statement that the respondent "is still on disability" cannot be credited. See Evans Products Co. v. ClintonBuilding Supply, Inc., 174 Conn. 512, 515-16, 391 A.2d 157 (1978); 2830Whitney Avenue Corp. v. Heritage Canal Development Associates, Inc.,33 Conn. App. 563, 568, 636 A.2d 177 (1994) . To hold that an application such as this satisfies the requirements of the Practice Book would exalt form over substance. "We do not exalt form over substance." NationalElevator Industry v. Scrivani, 31 Conn. App. 728, 732, 626 A.2d 1332
(1993)
Practice Book § 63-6 also requires that the application disclose "the grounds upon which the applicant proposes to appeal." This facilitates the court's determination of whether the proposed appeal would be non-frivolous. A party is not entitled to a waiver of fees and costs in order to pursue a frivolous appeal. Martinelli v. Martinelli, Superior Court, judicial district of Waterbury, No. FA 92-112322 (October 25, 1996) (18 Conn.L.Rptr. 63); Hackett v. Commission on Human Rights Opportunities, Superior Court, judicial district of Waterbury, No. CV 94-0122312 (July 19, 1996) (17 Conn.L.Rptr. 187) . Here, the respondent contends that the court could not have concluded by clear and convincing evidence that he had not and could not be rehabilitated as a parent because there was conflicting expert evidence on this issue. "The court, as the trier of fact, is free to accept or reject, in whole or in part, CT Page 10943 the testimony offered by either party." (Internal quotation marks omitted.) In re Cesar G., 56 Conn. App. 289, 297, 742 A.2d 428 (2000) . "The testimony of professionals is given great weight in parental termination proceedings. In re Michael M., 29 Conn. App. 112, 127 n. 12,614 A.2d 832 (1992) . It is well established that fun a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. Kimberly-ClarkCorporation v. Dubno, 204 Conn. 137, 153, 527 A.2d 679 (1987) . The credibility and the weight of expert testimony is judged by the same standard, and the trial court is privileged to adopt whatever testimony he reasonably believes to be credible. . . . Transportation PlazaAssociates v. Powers, 203 .Conn. 364, 378, 525 A.2d 68 (1987) . On appeal, [appellate courts] do not retry the facts or pass on the credibility of witnesses. Nor'easter Group, Inc. v. Colossale Concrete,Inc., 207 Conn. 468, 473, 542 A.2d 692 (1988). Torres v. Waterbury,249 Conn. 110, 123, 733 A.2d 817 (1999) . It is the quintessential function of the fact finder to reject or accept certain evidence, and to believe or disbelieve any expert testimony. State v. Blades, 225 Conn. 609,629, 626 A.2d 273 (1993) . The trier may accept or reject, in whole or in part, the testimony of an expert offered by one party or the other. Smithv. Smith, 183 Conn. 121, 123, 438 A.2d 842 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967). Champagne v. Champagne, 54 Conn. App. 321, 324, 734 A.2d 1048 (1999) ." (Internal quotation marks omitted.) In re Carissa K, 55 Conn. App. 768, 781,740 A.2d 896 (1999) . This principles cannot be reconciled with the respondent's maintaining a non-frivolous appeal based solely on conflicting expert evidence. The court concludes that the appeal indeed would be frivolous.
The application for waiver of fees, costs and security is denied.
BY THE COURT
 Bruce L. Levin Judge of the Superior Court