On February, 15, 2002, the court, (Dannehy, J.), granted a petition filed by the commissioner of the department of children to terminate the parental rights of the respondent biological mother, Katia M., and the biological father, John Doe, whose identity is unknown. On March 14, 2002, the biological mother filed an application for a waiver of fees, costs, security and expenses of appeal pursuant to Practice Book, 2002, Sec. 63-6.[1] She is also seeking appointment of counsel at state expense to prosecute her appeal. The attorney for the child and the department object to the application.
There is no dispute as to the indigence of the respondent mother, but rather objection on the basis that the appeal is without merit. The department also objects on the ground that the respondent's application was not filed in accordance with the directives of Sec. 63-6 because it failed to include grounds upon which the applicant proposes to appeal either under oath or in the attached affidavit. The department contends that the filing of a supplemental affidavit, appropriate in form, after the expiration of the twenty-day filing period, does not cure the defect and the court cannot grant a defective application.
Practice Book Section 63-6 requires that the application for a fee waiver disclose "the grounds upon which the applicant proposes to appeal. . . ." This facilitates the court's determination of whether the proposed appeal would be non-frivolous. A party is not entitled to a waiver of fees and costs in order to pursue a frivolous appeal. CT Page 5788Martinelli v. Martinelli, Superior Court Judicial District of Waterbury, No. FA92-112322 18 Conn.L.Rptr. 63 (October 25, 1996); Hackett v.Commission on Human Rights Opportunities, Superior Court, Judicial District of Waterbury, No. CV94-0122312, 17 Conn.L.Rptr. 187 (July 19, 1996); In re Sheena and Juan I., 2000 Ct. Sup. 10941, ___ Conn.L.Rptr. ___, Superior Court, Child Protection Session at Middletown, (September 7, 2000); In re Rayshawn P., 2001 Ct. Sup. 1645, ___ Conn.L.Rptr. ___, Superior Court, Judicial District of Hartford, (January 29, 2001).
The respondent mother cites two grounds for appeal in her application: (1) the termination of parental rights statute, General Statutes 17a-112, in light of the Connecticut Supreme Court's decision in Roth v. Weston,259 Conn. 202 ___ A.2d ___ (2002), is unconstitutional; and (2) the trial court based its termination of parental rights on insufficient evidence.
After hearing oral arguments on two occasions, reviewing the contents of the court file, the exhibits, the transcripts and the detailed memorandum in support of the trial courts' decision, the proposed appeal is found to be without merit, and consequently, the request for a waiver of fees, costs, security and expenses is denied.
The claimed constitutional issue, rather inarticulately phrased in the application and subsequent filings, does not provide a sufficient basis to justify the appeal. First, the respondent mother did not present any argument to the trial court. or seek reargument, subject to the release of the Roth decision on January 29, 2002. which was prior to the date the trial court issued its memorandum of decision. Regardless, neither theRoth decision nor its controlling precedent, Troxel v. Granville,530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), which was cited in the respondent's trial brief, have any applicability to a termination of parental rights proceeding where the family is no longer intact due to an adjudication of neglect and a commitment entered pursuant to a neglect petition. In Roth, the Connecticut Supreme Court applied judicial gloss to General Statutes § 46b-59, which permits a family court to grant visitation rights to any person, to salvage its constitutionality. The court held that "implicit in § 46b-159 is a rebuttable presumption that visitation that is opposed by a fit parent is not in the child's best interest, and for a court to have jurisdiction over a petition for visitation contrary to the wishes of a parent and to grant such a petition, the petition must contained specific, good faith allegations that the petitioner has a relationship with the child that is similar in nature to a parent-child relationship and specific, good faith allegations that denial of visitation will cause real and significant harm to the child, analogous to the type of harm contemplated where a child is alleged to be neglected, uncared-for or dependent, and the petitioner must prove the allegations by clear and convincing evidence." CT Page 5789 Id., 203. (Emphasis added). The respondent mother claims Roth so heavily tips the scales against any government intrusion into the family that unless the court can find, at the time of the termination trial, that reunifying the child with the parent would place the child in imminent danger, the court cannot find termination is in the child's best interest, and in fact, should return the child home. This claim, as noted in the department's trial brief, has been rejected previously in In reJoshua Z., 26 Conn. App. 58, 597 A.2d 1029 (1991); cert. denied,221 Conn. 901, 599 A.2d 1028 (1991).
Roth and Troxel have nothing to do with a termination of parental rights case. In fact, the burden of proof in a termination of parental rights case has long been "clear and convincing evidence," and the requirement that a grandparent seeking visitation overcome a similar burden actually parallels and reaffirms, rather than undermines, the statutory scheme applicable to termination cases.
"The characterization of a right as `fundamental' does not mean. . . . that the right is absolute. Such `fundamental' rights as the right to freedom of association are, nevertheless, not absolute rights, but are subject to restrictions as to time, place and manner. Buckley v. Valeo.424 U.S. 1, 25, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976); Chaplinsky v. NewHampshire, 315 U.S. 568, 571, 62 S.Ct. 766, 86 L.Ed. 1031 (1942)." Byarsv. Waterbury, 47 Conn. Sup. 342, 367, ___ A.2d ___ (2002). For legitimate purposes, most notably child protection, parental rights are subject to rational regulation. The ruling in Troxel does not allow the "right of parental autonomy" to "trump all other social interest in every context." Id., 370. Troxel and Roth have nothing to do with neglect or termination of parental rights matters. The kind of parental autonomy found to be fundamental in those cases provides no precedent for the situation at issue in this case.
The statutory framework set forth in General Statutes § 17a-112, strictly adhered to in the trial court's decision in this case, has withstood appellate scrutiny when subjected to constitutional attacks. The complexity of the procedure and the high standard of proof already acknowledges the seriousness of termination of parental rights by the state. There must be "strict compliance with the statutory criteria. . . . before termination of parental rights and subsequent adoption proceedings can occur. . . ." In re Juvenile Appeal(84-BC), 194 Conn. 252, 257, n. 9, 479 A.2d 1204
(1984); In re Eden F., 250 Conn. 674, 688,741 A.2d 873, rehrg denied, 251 Conn. 925, 742 A.2d 364 (1999).
The second alleged error is that the court's factual findings do not support the termination of the mother's parental rights. In a CT Page 5790 comprehensive memorandum of decision, the court found that ground alleged for termination of parental rights, failure to achieve rehabilitation, had been proven by clear and convincing evidence. Furthermore, the trial court, in the dispositional phase, found by clear and convincing evidence that it was in the child's best interests that parental rights be terminated. The evidence was more than sufficient to support both of these findings; in fact, evidence submitted by the respondent mother supported them. "The court, as the trier of fact, is free to accept or reject, in whole or in part, the testimony offered by either party." Inre Cesar G., 56 Conn. App. 289, 297, 742 A.2d 428 (2000). "The testimony of professionals is given great weight in parental termination proceedings." In re Michael M., 29 Conn. App. 112, 127 n. 12, 614 A.2d 832
(1992). On appeal, appellate courts do not retry the facts or pass on the credibility of witnesses, and in termination proceedings, they will not dispute a court's findings absent a clear abuse of discretion. "The standard for review on appeal from a termination of parental rights is whether the challenged findings are clearly erroneous." In re Luis C.,210 Conn. 157, 166, 554 A.2d 722 (1989); In re Christina V.,38 Conn. App. 214, 223, 660 A.2d 863 (1995). On review, every reasonable presumption is made in favor of the trial court's ruling. In re DenzelA., 53 Conn. App. 827, 832, 733 A.2d 298 (1999).
The court concludes the proposed appeal is without merit and would only serve to delay permanency for Jeisean, who has been in foster care for more than two years. Always, "the welfare of the child is the paramount consideration. . . ." (Internal quotations marks omitted.) McGaffin v.Roberts, 193 Conn. 393, 403, 479 A.2d 176 (1984), cert. denied,470 U.S. 1050, 105 S.Ct. 1747, 84 L.Ed.2d 813 (1985)." In re JonathanM., 255 Conn. 208, 241, ___ A.2d ___ (2001).
In light of the above, the court does not deem it necessary to discuss the department's contention that the original application, although filed in a timely fashion, did not comply with the requirement that the specific grounds be included under oath and that the filing of a "supplemental affidavit" beyond the twenty-day period did not cure the defect.
For the foregoing reasons, the application is denied.
The respondent mother has 20 days from the issuance of notice of this decision to file her appeal, subject to her payment of any applicable fees. costs, expenses, including attorney's fees, and security.[2]
KELLER, J.